KENNEDY, Plaintiff-Appellant, v. CUYAHOGA, LAKE & GEAUGA COUNTIES CARPENTERS DISTRICT COUNCIL et, Defendants-Appellees.

Ohio Appeals, Eighth District, Cuyahoga County.

No. 22647. Decided February 9, 1953.

Farley & Hyland, Cleveland, for plaintiff-appellant.
Zucker & Curtis, Cleveland, for defendants-appellees.

## OPINION

Per CURIAM:

Plaintiff appeals from a judgment of the Common Pleas Court directing a verdict for defendants on the second amended petition and the opening statements of counsel.

A detailed examination of the bill of exceptions shows that counsel for defendants, after selection of a jury but before opening statements, made a motion for dismissal of the petition on the ground that it failed to state a cause of action. The court reserved ruling on this motion. Thereafter, counsel for plaintiff made an opening statement in which the petition was incorporated by reference. The court stated that the second amended petition would be considered as part of the opening statement. Counsel for defendants then made motions "for judgment for each of the defendants and dismissal of the second amended petition on the ground that the second amended petition and the opening statement shows no cause of action against any of these defendants." The court reserved ruling on these motions until counsel for defendants had made an opening statement. Whereupon motions for judgment previously made by counsel for defendant were renewed. The court then overruled the motion for judgment made subsequently to the selection of the jury but granted the motion for judgment made at the conclusion of plaintiff's opening statement.

For the purposes of the motion, the defendants admit the truth of the allegations of the petition and the truth of the statements the plaintiff purposes to establish by his evidence.

In our opinion, the judgment of the Common Pleas Court must be reversed on the ground that the allegations of the second amended petition and opening statements of counsel construed together state facts sufficient to constitute a cause of action.

Furthermore, the bill of exceptions fails to disclose, after the sufficiency of the opening statement counsel was challenged, that plaintiff was given full and fair opportunity to make such additions thereto as in his opinion the proofs at his command would establish.

The instant case must be distinguished from **Cornell v. Morrison, 87 Oh St 215,** in one respect and that is that the decision there was directed to the proposition that the facts proposed to be proved by counsel in his opening statement would not sustain the essential averments of his petition and authorize a verdict for the plaintiff, as appears by paragraph two of the syllabus, while in this case the motion for judgment was in the nature of an oral demurrer to the petition as well as the opening statement. See **Flax v. Williams, 25 Abs 680** (Court of Appeals 2nd Dist.).

For the reasons stated the judgment is reversed and the cause is remanded for further proceedings according to law. Exc. Order see journal.

SKEEL, PJ, HURD, J, KOVACHY, J, concur.